UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI – CIVIL DIVISION
CASE NO.

Maria Rojas,

       Plaintiff,

v.

The Villas at University Square
Condominium Association, Inc., a Florida
not-for-profit corporation, and Guillermo
M. Mancebo, P.A., d/b/a Mancebo Law Group
PA, and a/k/a Mancebo Law, P.A., a
Florida corporation,

       Defendants.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Maria Rojas ("Plaintiff"), sues Defendants, The Villas at University Square Condominium Association, Inc., and Guillermo M. Mancebo, P.A., d/b/a Mancebo Law Group PA, and a/k/a Mancebo Law, P.A., and brings this action on her own behalf and on behalf of all others similarly situated for statutory and actual damages, declaratory and injunctive relief as well as attorney's fees and costs, and as grounds therefore states:

### JURISDICTION, VENUE AND PARTIES

1.    This Court has subject matter jurisdiction of this case under 15 U.S.C. § 1692k of the Fair Debt Collection Practices Act ("FDCPA") and 28 U.S.C. §§ 1331, 1337(a) and 1367.

2.    Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. §§ 1391(b) and (c).

3.    Plaintiff, Maria Rojas, is over the age of eighteen, and is otherwise *sui juris*.

1

4. Plaintiff is a resident of Miami-Dade County, Florida, and owns the property located at 1823 S.W. 107th Avenue, Unit 1606, Miami, FL 33165 (the "Property").

5. Plaintiff is a natural person and consumer/debtor as defined in the applicable laws referenced herein.

6. Defendant, The Villas at University Square Condominium Association, Inc., is a Florida not for profit corporation, created under Florida Statutes Chapter 718 et. seq. (the "Association") according to the Declaration of Condominium of the Villas at University Square Condominium Association, Inc., as amended, recorded at Official Records Book 11945 Page 2464 of the Public Records of Miami-Dade County, Florida ("Declaration").

7. The Association's rights, duties, and obligations are set forth in, among other governing documents, the Declaration.

8. Defendant, Guillermo M. Mancebo, P.A., d/b/a Mancebo Law Group PA, and a/k/a Mancebo Law, P.A. (the "Firm"), is a Florida for profit corporation and law firm, acting on behalf of the Association, which engages in consumer debt collection on behalf of community associations throughout Florida, including the filing of liens and foreclosure actions on past due assessments.

9. The Firm and the Association, respectively, are persons as defined in the Florida Consumer Collection Practices Act ("FCCPA").

10. The Firm is a debt collector as defined by the FDCPA and FCCPA.

11. Plaintiff has been the object of collection activity arising from consumer debt.

12. The Association authorized, ratified, consented to or acquiesced to the Firm's actions.

13. The principal purpose of the Firm's business is the collection of debts. The Firm regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, by consumers to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

14. The Firm regularly uses the mails and other instrumentalities of interstate commerce in its collection or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

15. The Firm has intentionally violated, by act or omission, a provision or provisions of the FDCPA and/or the FCCPA.

16. The debts were in default at the time of the Firm's collection efforts.

17. The Firm and the Association have each intentionally violated by act or omission a provision or provisions of the FCCPA.

18. The Firm is the real or actual agent of the Association where the Association acknowledges that the Firm is acting as its agent in the debt collection matter asserted against Plaintiff. The Firm undertook and accepted such undertaking by, among other things, corresponding with Plaintiff using the Association's name, and/or filing or causing to be filed the Claim(s) of Lien attached hereto, which was prepared by the Firm and executed by a the Firm employee as an "authorized agent" of the Association, and the Association controlled the Firm's day-to-day activities during the course of the agency.

19. Alternatively, the Association held the Firm out to the public as possessing sufficient authority to collect on the debt as defined herein, or knowingly permitted the Firm to act

as having such authority. Plaintiff, in dealing with the Firm, knew of these facts, and acting in good faith, had reason to believe that the Firm possessed the necessary authority to so act.

20. The Association created the appearance of an agency relationship between itself and the Firm, where, among other things, it corresponded with Plaintiff through the Firm, and/or filed or caused to be filed the Claim(s) of Lien attached hereto, which were prepared by the Firm and executed by a the Firm employee as an "authorized agent" of the Association. Plaintiff relied on that representation and changed her position in reliance on the representation by, among other things, dealing with the Firm directly instead of with the Association.

21. The Association's voluntary actions placed the Firm in such a situation that Plaintiff, a person of ordinary prudence, conversant with business usages and the nature of the assessment collection business, was justified in presuming that the Firm had the authority to act on the Association's behalf in collecting the debt as defined herein and therefore dealt with the Firm.

22. Where the Firm was acting as the agent of the Association, whether under actual or apparent authority, the knowledge of the Firm is imputed to the Association.

23. All conditions precedent to this action have been performed, occurred, or been waived.

24. Plaintiff has retained the undersigned counsel in this matter and is obligated to pay them reasonable attorneys fees' and costs.

**GENERAL ALLEGATIONS**

25. At all times material to, Plaintiff was the owner of the Property and a member of the Association. There are approximately 240 units in the Association.

26. Plaintiff's obligations as an owner and member of the Association are set forth in the Declaration.

27. Within two years prior to the filing of this action, Defendants have been attempting to collect the alleged debt from Plaintiff.

28. As an owner, Plaintiff had the affirmative obligation under the Declaration, beginning at the time she became the owner of the Property, to timely pay maintenance assessments to the Association for the Property as set forth therein. *See* Exhibit "A," containing Article 9 of the Declaration, "Assessments and Common Expenses."

29. Annual assessments were due in monthly installments on the first day of every month.

30. The Declaration dictates "[a]ssessments and installments on such assessments paid on or before five (5) days after the date when due, shall not bear interest, but all sums not paid on or before five (5) days after the date when due shall bear interest at the maximum legal rate allowable at law from the date when due until paid; Provided that, in addition a late-payment handling charge of $5.00 shall be assessed for each delinquent installment in addition to the interest charge…." Exhibit "A" Article 9.3(a).

31. All debts that Defendants sought to collect from Plaintiff referred to herein were for consumer debts in the form of condominium association maintenance assessments, and other amounts as detailed below that Plaintiff allegedly owed to the Association for the Property.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all consumers in the form of a class defined as: (i) all persons to whom letters in the form of Exhibits "B" and "C" were sent (ii) in an attempt to collect a debt incurred for an

association assessment (iii) which were not returned undeliverable by the U.S. Postal Service. Subclass A (the FDCPA class) includes the class members who were sent Exhibit "B" and/or "C" during the one year prior to the date of filing this action. Subclass B (the FCCPA class) includes those class members who were sent Exhibit "B" and/or "C" during the two years prior to the date of filing this action (the "Class"). Excluded from the Class are the Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendants, including without limitation, persons who are officers, directors, employees, associates or partners of the Firm.

33. The Class satisfies all the prerequisites of Federal Rule of Civil Procedure 23(a) for maintaining a class action.

34. The Class is so numerous that joinder of all members in impracticable. Upon information and belief, hundreds of persons have received identical debt collection notices from Defendants that violate various provisions of the FDCPA and FCCPA.

35. There are questions of law and fact common to the Class that predominate over questions affecting any individual Class member which include, without limitation:

   a. Whether Exhibit "B" fails to accurately state the amount of the debt;

   b. Whether Exhibit "C" fails to accurately state the amount of the debt;

   c. Whether Defendants violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and/or 1692g(a)(1);

   d. Whether Defendants violated various provisions of the FCCPA, including but not limited to, Florida Statutes §§ 559.72 (7) and/or (9);

   e. Whether Plaintiff and the Class have been injured by Defendants' conduct;

   f. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so, what is the proper

measure and appropriate statutory formula to be applied in determining such damages and restitution; and

g. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

36. Plaintiff's claims are typical of the Class where she possesses the same interest and suffered the same injury as the Class. All are based on the same facts and legal theories. Further, Plaintiff has no interest adverse or antagonistic to the interest of other members of the Class.

37. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, experienced in handling actions involving unlawful practices under the FDCPA and FCCPA and competent in class action litigation. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

38. This suit is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3).

39. Defendants have acted on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

40. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiffs do not anticipate any unusual difficulties that would be likely to be incurred in the management of this class action.

41. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplicating the effort and expense that would arise from numerous individual actions. A class action will also provide for the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent class action certification, the individual members of the Class will continue to have their statutorily protected

rights violated and suffer monetary damages, and if Defendants are permitted to continue without redress, they will continue to collect the rewards of their illegal actions.

*August 29, 2016 Communication: Notice of Intent to Record a Lien*

42. On August 29, 2016, the Firm, acting as the agent of the Association, sent Plaintiffs a notice of intent to record a lien with an attached ledger. Exhibit "B".

43. The Firm knew the amounts it sought to collect in the August 29, 2016 Communication sent to Plaintiff were improper and in violation of Florida law where, for example, it claimed, attempted or threatened to enforce a debt when it knew the legal right to do so did not exist. The knowledge attributable to the Firm as to how its actions violated Florida law in this communication is listed in Exhibit "D" at "August 29, 2016 Communication – Notice of Intent to Record a Claim of Lien" (referred to hereinafter as "Exhibit "D" at August 29, 2016 Communication").

44. Such knowledge is attributable to the Firm where it was responsible for verifying with the Association the amounts owed by Plaintiff as well as the amounts the Firm would be seeking to collect from Plaintiff.

45. The Firm was retained by the Association (Exhibit "B") as its counsel, and was authorized by the Association to engage in collection efforts to collect from Plaintiff in the August 29, 2016 Communication the amounts the Association indicated were outstanding.

46. The Association provided the Firm with the amounts due upon which the Firm relied on in preparing and executing the August 29, 2016 Communication, with the intent that the Firm collect those amounts.

47. The Firm knew the legal right to collect those amounts did not exist for the reasons set forth herein and in Exhibit "D" at "August 29, 2016 Communication". The Firm knew what

8

dates the debts were allegedly incurred on, what each debt was comprised of, and what interest it was attempting to collect.

48. The Firm wrongfully threatened to take adverse action against Plaintiff via the August 29, 2016 Communication sent on the Association's behalf by asserting its intent to record on a Claim of Lien on the Property based on the debt at issue as alleged herein.

*February 9, 2017 Communication: Notice of Intent to Foreclose Claim of Lien and Attached Claim of Lien*

49. On February 9, 2017, the Firm, acting as the agent of the Association, sent Plaintiff a notice of intent to foreclose the lien with an attached ledger and a Claim of Lien which had been forwarded to the Clerk of Court for Miami-Dade County, Florida for recording. Exhibit "C". The Claim of Lien was subsequently recorded on March 26, 2017. Exhibit "E".

50. The Firm knew the amounts it sought to collect in the February 9, 2017 Communication sent to Plaintiff were improper and in violation of Florida law where, for example, it claimed, attempted or threatened to enforce a debt when it knew the legal right to do so did not exist. The knowledge attributable to the Firm as to how its actions violated Florida law in this communication is listed in Exhibit "D" at "February 9, 2017 Communication – Notice of Intent to Foreclose a Claim of Lien" (referred to hereinafter as "Exhibit "D" at February 9, 2017 Communication").

51. Such knowledge is attributable to the Firm where it was responsible for verifying with the Association the amounts owed by Plaintiff as well as the amounts the Firm would be seeking to collect from Plaintiff.

52. The Firm was retained by the Association (Exhibit "C") as its counsel, and was authorized by the Association to engage in collection efforts to collect from Plaintiff in the February 9, 2017 Communication the amounts the Association indicated were outstanding.

9

53. The Association provided the Firm with the amounts due upon which the Firm relied on in preparing and executing the February 9, 2017 Communication, with the intent that the Firm collect those amounts.

54. The Firm knew the legal right to collect those amounts did not exist for the reasons set forth herein and in Exhibit "D" at "February 9, 2017 Communication". The Firm knew what dates the debts were allegedly incurred on, what each debt was comprised of, and what interest it was attempting to collect.

55. The Firm wrongfully threatened to take adverse action against Plaintiff via the February 9, 2017 Communication sent on the Association's behalf by asserting its intent to foreclose on a Claim of Lien on the Property based on the debt at issue as alleged herein.

### COUNT I – FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
**(against the Firm)**
**August 29, 2016 Communication**

56. Plaintiff incorporates by reference the allegations of the preceding paragraphs - through 48 as if the same were fully set forth herein.

57. This communication violated 15 USC § 1692d where the Firm engaged in conduct the natural of consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, by wrongfully and without basis, threatening to record a Claim of Lien against the Property which could ultimately result in the loss of the Property through foreclosure proceedings.

58. The Firm violated 15 U.S.C § 1692e(2)(A) by falsely representing the character, amount, or legal status of debt, where, for example, the amount sought was mathematically incorrect and the late fees sought exceeded those permissible under the Declaration. *See* "Exhibit "D" at August 29, 2016 Communication".

59. The Firm violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken, where, for example, the Firm collected or attempted to collect a debt where the beginning balance was $2,680.98, not zero or a credit balance, and that amount was of entirely unknown origin and composition.

60. The Firm violated 15 U.S.C. § 1692e(10) by using a deceptive means to collect or attempt to collect a debt where, for example, nothing in either ledger provided by the Firm refers to late fees, interest or legal fees and costs, thereby misleading and confusing Plaintiff as to the composition of the amounts owed.

61. The Firm violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect or attempt to collect a debt, where, among other things, the late fees computed as set forth in this Communication are excessive when compared to the assessments on which they are purportedly charged against.

62. The Firm violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law where, for example, the Firm collected or attempted to collect a debt where the beginning balance was $2,680.98, not zero or a credit balance, and that amount was of entirely unknown origin and composition, and the late fees computed as set forth in this Communication are excessive when compared to the assessments on which they are purportedly charged against.

63. The Firm violated 15 U.S.C. § 1692g(a)(1) by failing to state the correct amount of the alleged debt.

64. By way of example and not limitation, Plaintiff identifies the preceding and further relies on Exhibit "D" at August 29, 2016 Communication" attached hereto demonstrating further violations.

WHEREFORE, Plaintiff, Maria Rojas, requests a judgment be entered for herself and the Class against Defendant Guillermo M. Mancebo, P.A., d/b/a Mancebo Law Group PA, and a/k/a Mancebo Law, P.A. as follows:

      A.      Declaratory relief that Exhibit "B" violates the FDCPA;

      B.      Actual and statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k;

      C.      Actual and statutory damages for the class pursuant to 15 U.S.C. § 1692k;

      D.      Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      E.      Such other and further relief as the Court deems just and equitable.

## COUNT II – FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (against all Defendants – August 29, 2016 Communication)

65.     Plaintiff incorporates by reference the allegations of the preceding paragraphs 1 through 48 as if the same were fully set forth herein.

66.     The Association and the Firm, respectively, with this communication, violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which could reasonably be expected to abuse or harass Plaintiff and class members or any member of their families by threatening to record and foreclose on a Claim of Lien against the Property, which could ultimately result in the loss of the Property through foreclosure proceedings. Such proceedings were in fact filed, leading to Plaintiff's incurring more unauthorized charges at her expense.

67.     This communication also violated Fla. Stat. § 559.72(9) where it claimed, attempted or threatened to enforce a debt when the Association and the Firm, respectively, asserted the existence of that legal right when each knew the right did not exist.

68.     First, the total amounts due are mathematically incorrect.

69. Second, the communication fails to state the monthly due date and amount of each assessment, as required by Florida law.

70. Third, the communication fails to state the "interest through (dates)" on which interest is being charged, as required by Florida law.

71. By way of example and not limitation, Plaintiff identifies the preceding and further relies on Exhibit "D" at August 29, 2016 Communication" attached hereto demonstrating further violations.

72. As a result of Defendants' violations of the FCCPA, Plaintiffs have been damaged and are entitled to declaratory and injunctive relief, actual and statutory damages, costs and attorneys' fees. Further, pursuant to § 559.77(2), based on the outrageousness of Defendants' conduct, punitive damages may be in order, as Defendants continue to attempt to collect alleged debts from Plaintiff and class members despite the fact that they have actual knowledge that said debts are not legitimate. Plaintiff respectfully requests that upon the showing of competent, substantial evidence, the Court permit Plaintiff to amend the Complaint to add a claim for punitive damages.

WHEREFORE, Plaintiff, Maria Rojas, requests a judgment be entered for herself and the Class against Defendants, The Villas at University Square Condominium Association, Inc., and Guillermo M. Mancebo, P.A., d/b/a Mancebo Law Group PA, and a/k/a Mancebo Law, P.A. as follows:

      A. Declaratory relief that Exhibit "B" violates the FCCPA;

      B. Enjoin Defendants from sending documents in the form of Exhibit "B" pursuant to the FCCPA;

      C. Actual and statutory damages pursuant to Florida Statutes § 559.77;

      D.      Actual and statutory damages for the class pursuant to Florida Statutes § 559.77;

      E.      Costs and reasonable attorneys' fees pursuant to Florida Statutes §559.77 and;

      F.      Such other and further relief as the Court deems just and equitable.

### COUNT III – FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
**(against the Firm)**
**February 9, 2017 Communication**

73. Plaintiffs incorporate by reference the allegations of the preceding paragraphs 1 through 41 and 49 through 55 as if the same were fully set forth herein.

74. This communication violated 15 USC § 1692d where the Firm engaged in conduct the natural of consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, by wrongfully and without basis, threatening to record a Claim of Lien against the Property which could ultimately result in the loss of the Property through foreclosure proceedings.

75. The Firm violated 15 U.S.C § 1692e(2)(A) by falsely representing the character, amount, or legal status of debt, where, for example, the amount sought was mathematically incorrect and the late fees sought exceeded those permissible under the Declaration. *See* "Exhibit "D" at February 9, 2017 Communication".

76. The Firm violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken, where, for example, the Firm collected or attempted to collect a debt where the beginning balance was $2,680.98, not zero or a credit balance, and that amount was of entirely unknown origin and composition.

77. The Firm violated 15 U.S.C. § 1692e(10) by using a deceptive means to collect or attempt to collect a debt where, for example, nothing in either ledger provided by the Firm refers

to late fees, interest or legal fees and costs, thereby misleading and confusing Plaintiff as to the composition of the amounts owed.

78. The Firm violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect or attempt to collect a debt, where, among other things, the late fees computed as set forth in this Communication are excessive when compared to the assessments on which they are purportedly charged against.

79. The Firm violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law where, for example, the Firm collected or attempted to collect a debt where the beginning balance was $2,680.98, not zero or a credit balance, and that amount was of entirely unknown origin and composition, and the late fees computed as set forth in this Communication are excessive when compared to the assessments on which they are purportedly charged against.

80. The Firm violated 15 U.S.C. § 1692g(a)(1) by failing to state the correct amount of the alleged debt.

81. By way of example and not limitation, Plaintiff identifies the preceding and further relies on Exhibit "D" at February 9, 2017 Communication" attached hereto demonstrating further violations.

WHEREFORE, Plaintiff, Maria Rojas, requests a judgment be entered for herself and the Class against Defendant Guillermo M. Mancebo, P.A., d/b/a Mancebo Law Group PA, and a/k/a Mancebo Law, P.A. as follows:

        A. Declaratory relief that Exhibit "C" violates the FDCPA;

        B. Actual and statutory damages pursuant 15 U.S.C. § 1692k;

        C. Actual and statutory damages for the class pursuant to 15 U.S.C. § 1692k;

      D.      Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      E.      Such other and further relief as the Court deems just and equitable.

## COUNT IV – FLORIDA CONSUMER COLLECTION PRACTICES ACT
### (against all Defendants – February 9, 2017 Communication)

82. Plaintiff incorporates by reference the allegations of the preceding paragraphs 1 through 41 and 49 through 55 as if the same were fully set forth herein.

83. The Association and the Firm, respectively, with this communication, violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which could reasonably be expected to abuse or harass Plaintiff and class members or any member of their families by threatening to foreclose on a Claim of Lien against the Property, which could ultimately result in the loss of the Property through foreclosure proceedings. Such proceedings were in fact filed, leading to Plaintiff's incurring more unauthorized charges at her expense.

84. This communication also violated Fla. Stat. § 559.72(9) where it claimed, attempted or threatened to enforce a debt when the Association and the Firm, respectively, asserted the existence of that legal right when each knew the right did not exist.

85. First, the total amounts due are mathematically incorrect.

86. Second, the communication fails to state interest accruing from "months/year to the present" as required by Florida law.

87. By way of example and not limitation, Plaintiff identifies the preceding and further relies on Exhibit "D" at February 9, 2017 Communication" attached hereto demonstrating further violations.

88. As a result of Defendants' violations of the FCCPA, Plaintiffs have been damaged and are entitled to declaratory and injunctive relief, actual and statutory damages, costs and

attorneys' fees. Further, pursuant to § 559.77(2), based on the outrageousness of Defendants' conduct, punitive damages may be in order, as Defendants continue to attempt to collect alleged debts from Plaintiff and class members despite the fact that they have actual knowledge that said debts are not legitimate. Plaintiff respectfully requests that upon the showing of competent, substantial evidence, the Court permit Plaintiff to amend the Complaint to a claim for punitive damages.

WHEREFORE, Plaintiff, Maria Rojas, requests a judgment be entered for herself and the Class against Defendants, The Villas at University Square Condominium Association, Inc., and Guillermo M. Mancebo, P.A., d/b/a Mancebo Law Group PA, and a/k/a Mancebo Law, P.A. as follows:

G. Declaratory relief that Exhibit "C" violates the FCCPA;

H. Enjoin Defendants from sending documents in the form of Exhibit "C" pursuant to the FCCPA;

I. Actual and statutory damages pursuant to Florida Statutes §559.77;

J. Actual and statutory damages for the class pursuant to Florida Statutes §559.77;

K. Costs and reasonable attorneys' fees pursuant to Florida Statutes §559.77 and;

L. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: August 28, 2017

Respectfully submitted,

By: __/s/ Thais Hernandez____
Thais Hernandez, Esq.
Florida Bar No. 180998

By:__ /s/ Alejandro Vilarello
Alejandro Vilarello, Esq.
Florida Bar No. 358177

17

| | |
|---|---|
| The Law Firm of | AVLaw@Vilarello.com |
| Thais Hernandez, Esq. | Alejandro Vilarello, P.A. |
| *Counsel for Plaintiff* | *Co-counsel for Plaintiff* |
| 8004 N.W. 154 Street #414 | 16400 NW 59th Avenue, 2nd Fl. |
| Miami Lakes, Florida  33016 | Miami Lakes, FL 33014 |
| Tel:  786.923.0850 | Phone:    (305) 827-5665 x: 148 |
| Fax:  305.570.2192 | E-Fax.    (786) 429-0957 |
| Email: thernandezlaw@bellsouth.net | Cell:       (305) 299-5550 |