UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-23252-CIV-WILLIAMS

MARIA ROJAS,

    Plaintiff,

vs.

THE VILLAS AT UNIVERSITY SQUARE
CONDOMINIUM ASSOCIATION, INC. and
GUILLERMO M. MANCEBO, P.A.,

    Defendant.
_____/

## FINAL ORDER AND JUDGMENT

**THIS MATTER** comes before the Court on Plaintiff's, MARIA ROJAS and a class of Persons similarly situated (collectively, "Plaintiffs" or "Class Members") and Defendants', THE VILLAS AT UNIVERSITY SQUARE CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit corporation ("VILLAS"), and GUILLERMO M. MANCEBO, P.A. d/b/a MANCEBO LAW GROUP, P.A., a Florida corporation ("MANCEBO" along with VILLAS collectively the "DEFENDANTS") Joint Motion for Approval of Class Action Settlement (DE 45-2), requesting final approval of the Class Action Settlement Agreement (the "Settlement Agreement"), dated April 23, 2018, and dismissal of Defendants from this Lawsuit pursuant to the terms of the Settlement Agreement, and on Settlement Class Counsel's Motion in Support of Final Court Approval of Settlement. This Final Order and Judgment resolves the litigation between Defendants VILLAS and MANCEBO and Plaintiff, MARIA ROJAS, who brought this action on behalf of herself and others similarly situated.

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of any class action settlement. The Eleventh Circuit has held that "in order to approve a settlement, the district court must find that the settlement is fair, adequate and reasonable and not the product of collusion between the parties." *Bennet v. Behring Corp.*, 737 F.3d 982, 986 (11th Cir. 1984) (internal quotation marks omitted). In *Bennet v. Behring Corp.*, the Eleventh Circuit set out the following factors for courts to weight in determining whether to approve the settlement: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved." *Id.*; *see also Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011). Furthermore, in order to certify a class for purposes of settlement a court must find that the class meets the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and Rule 23(b)(3)—predominance and superiority.

Based upon Plaintiffs' counsel's certification in support of final approval and in support of their application for fees, the Court being fully advised in the premises of the proposed Class Settlement, and the Court having previously directed class notice of the proposed settlement, afforded class members a full and fair opportunity to make any objections known and held a Fairness Hearing on September 28, 2018 at 10:00 a.m. Based on the discussion held on the record, it is **ORDERED AND ADJUDGED** as follows:

1. The Plaintiff and Defendants have entered into the Settlement Agreement of this matter arising from allegations that the Defendants sent letters to various Persons that were in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* and/or The Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* In response, Defendants contend that the alleged claims are not supported by the law.

2. The Settlement Agreement has been submitted to the Court for final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

3. Defendants have ceased the practice of sending collection letters the same or substantially similar to Exhibits "B" and "C" of the Complaint filed herein and agree to not use such letters in the future.

4. Pursuant to Rule 23(b)(3) and the Settlement Agreement, the following class is hereby certified for settlement purposes: (i) all persons with addresses in the State of Florida (ii) to whom letters with attached notice with the same form as Exhibits "B" and C" to the Complaint were sent (iii) in an attempt to collect a debt incurred for personal, family, or household purposes including, but not limited to, association assessments, and (iv) which were not returned undelivered by the U.S. Post Office.

Subclass A (the FDCPA class) includes the class members who were sent Exhibit "B" and/or "C" during the one year prior to the date of filing this Lawsuit through the date of certification. Subclass B (the FCCPA class) includes those class members who were sent Exhibit "B" and/or "C" during the two years prior to the date of filing this Lawsuit through the date of certification. Excluded from the Class are the Defendants herein, and

any person, firm, trust, corporation, or other entity related to or affiliated with Defendants, including without limitation, persons who are officers, directors, employees, associates or partners of the Firm.

5. The Court finds that the settlement class ("Class") meets the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

6. The total number of Class Members is approximately twenty-five (25).

7. Notice was sent by first class mail to twenty-five (25) persons at their last known mailing address using Accessible Contact Information.

8. The United States Postal Service returned one (1) Notice to the Settlement Administrator, First Class, Inc., as undeliverable with no forwarding address provided by the United States Postal Service.

9. No Class Members have pending objections to the Settlement.

10. From a total of twenty-five (25) Class Members, no members chose to opt-out of the Settlement.

11. A total of three (3) Class Members timely returned a claim form for a *pro rata* cash payment from the Settlement Fund of Three Thousand Dollars and 00 Cents ($3,000.00). Each Class Member will receive $1,000.00.

12. <u>Definitions</u>. This Final Order and Judgment incorporates by reference the definitions and terms of the Parties' Settlement Agreement dated April 23, 2018 (DE 45-1).

13. <u>Notice</u>. The Court finds that notice has been disseminated to the Class in Compliance with the Court's Preliminary Approval Order, and that the notice constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

14. <u>Attorneys' Fees and Costs</u>. "The starting point in fashioning an award of attorneys' fees is to multiply the number of hours expended by a reasonable hourly rate." *Moton v. Nathan & Nathan, P.C.*, 297 Fed. Appx. 930, 931-32 (11th Cir. 2008). Under the lodestar method, the court "consider[s] the number of hours worked by counsel and their customary hourly rates, and appl[ies]a 'multiplier' to those hours in order to compensate attorneys for the risk undertaken and the quality of work done." *Thorpe v. Walter Inv. Mgmt. Corp.*, Case No. 1:14-cv-20880-UU, PULL, (S.D. Fla. 1988). There is a strong presumption that the lodestar is reasonable. *See Perdue v. Kenney A. el rel Winn*, 559 U.S. 542, 553-54 (2010).

The Court finds the attorney fees and costs requested by Class Counsel to be fair and reasonable. The fee here is substantially less that than the total lodestar value of the time that Plaintiff's counsel dedicated to the case and as such represents a "negative" multiplier on Class Counsel's total lodestar. Class Counsel also presented the affidavit of the Honorable Stanford J. Blake (ret.) attesting to the reasonableness of the fee sought. The fee is warranted by the hours expended in the case by Class Counsel and the

expenses were of the variety typically billed to clients in the normal course of business. Accordingly, Class Counsel is hereby awarded attorney fees and costs in the amount of $31,500.00, to be paid by Defendant MANCEBO pursuant to the terms of the Settlement Agreement.

15.   Final Approval.  The Court finds that the Settlement is fair, reasonable, is in the best interests of the Class, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Thus, the Parties are directed to implement the settlement in accordance with the terms of the Settlement Agreement.

16.   Timing of Payments.

a.   Payment of Three Thousand Dollars and 00 Cents ($3,000.00) shall be made by Defendant MANCEBO to ROJAS, the Class Representative, within thirty (30) days from the date of this Final Order and Judgment, as set forth in the Settlement Agreement.

b.   Payment of Three Thousand Dollars and 00 Cents ($3,000.00) shall be made by Defendant MANCEBO to First Class, Inc., the designated Settlement Administrator with authority to accept and distribute settlement funds *pro rata* to all Class Members who have timely returned a claim form, to establish the Class Fund within thirty (30) days from the date of this Final Order and Judgment, as set forth in the Settlement Agreement.

c.   Payment of the Class Fund is to be made on a *pro rata* basis to all

Class Members who timely returned claim forms within twenty (20) days of the clearance of the Class Fund payment by Defendant MANCEBO, as set forth in the Settlement Agreement. Any funds in the Class Fund unclaimed ninety (90) days after funds have been sent to Class Members shall be paid to Dade Legal Aid as a Cy Pres award as set forth in the Settlement Agreement.

d.  Payment of Thirty-One Thousand and Five Hundred Dollars and 00 Cents ($31,500.00) for the attorneys' fees and costs award shall be made by Defendant MANCEBO within twenty (20) days from the date of this Final Order and Judgment as set forth in the Settlement Agreement.

17.  Except as to any individual claim of those Persons who have timely and effectively requested exclusion from the Settlement Class under the Settlement Agreement, the Court hereby dismisses with prejudice the Lawsuit, all claims contained therein, and all Released Claims against Released Parties.

18.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

19.  Upon entry of this Final Order and Judgment, providing the final approval of the Settlement Agreement, the Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class, shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged all Released Claims, per Section III, Paragraph 6 at page 13, and Section VI, Paragraph 15(g) at page 21 of the Settlement Agreement.

Further, the Class Representative and all Class Members (and the successors and assigns of any of them) who have not timely and effectively requested exclusion from the Class, are hereby permanently barred and enjoined from instituting or prosecuting as against Defendants, Defendants' Related Parties, either directly or indirectly or in any other capacity, any and all claims that were or could have been asserted in the present action, or any other action or proceeding, that relate to Defendants' attempts to collect debts from the Class Representative or Class Members during the respective one year period for FDCPA claims and two year period for FCCPA claims prior to filing the Complaint in this Lawsuit, to-wit: from August 28, 2017.

20.   Nothing herein shall alter, amend, or terminate the rights of Defendants and their clients to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) allegedly owed by any Settlement Class Member, for any debt that was not the subject of this lawsuit or the Settlement Agreement. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which Defendants and their clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which Defendants and their clients may have against any Class Members or any other person or entity.  Nothing herein shall otherwise void or abrogate the contractual obligations of any Settlement Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendants.

21. <u>Injunction</u>. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims.

22. <u>Defendants' Denial of Liability</u>. The Court notes that the Defendants do not admit or concede (but, to the contrary, expressly deny) any wrongdoing, liability or improper conduct of any nature in connection with any facts or claims that have been, or could have been raised against it by the Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Lawsuit be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from the acts, transactions, or occurrences alleged in the Lawsuit.

23. <u>Entry of Final Judgment and Continuing Jurisdiction</u>. There being no just reason to delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees, that upon entry, it be deemed a final judgment. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement Agreement; (b) further proceedings, if necessary, on applications for attorneys' fees,

expenses, and costs in connection with the action and Settlement Agreement; (c) the Parties and the Class Members for purposes of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith for a period of two years from the date of this Order.

This case is **DISMISSED WITH PREJUDICE**, each party to bear its own attorneys' fees and costs. All pending motions are **DENIED AS MOOT**. All hearings, trial settings, and deadlines are **CANCELED**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers in Miami, Florida, this 31st day of October, 2018.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE